UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO BARRIGA ROSALES,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent. | Case No. 13-cv-03860-WHO (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Hugo Rosales seeks federal habeas relief from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file an answer or dispositive motion in response to the habeas petition on or before March 16, 2014, unless an extension is granted.

## BACKGROUND

According to the petition, a Santa Clara County Superior Court jury convicted Barriga of sexual penetration of, and forcible lewd conduct with, a minor. He received a sentence of 27 years-to-life in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Barriga alleges that (1) the trial court admitted evidence in violation of due process; and (2) defense counsel rendered ineffective assistance. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

1  4. In lieu of an answer, respondent may file, within ninety (90) days of the date this
2  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
3  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent
4  files such a motion, petitioner shall file with the Court and serve on respondent an
5  opposition or statement of non-opposition within thirty (30) days of the date the motion is
6  filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen
7  (15) days of the date any opposition is filed.

8  5. Petitioner is reminded that all communications with the Court must be served on
9  respondent by mailing a true copy of the document to respondent's counsel.

10  6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
11  Court and respondent informed of any change of address and must comply with the
12  Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this
13  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14  7. Upon a showing of good cause, requests for a reasonable extension of time will
15  be granted provided they are filed on or before the deadline they seek to extend.

16  8. Petitioner's application to proceed *in forma pauperis* (Docket No. 3) is
17  GRANTED.  The Clerk shall terminate Docket No. 3.

18  9. The Clerk shall amend the docket so that petitioner's name reads Hugo Barriga
19  Rosales.

20  **IT IS SO ORDERED.**

21  **Dated:** December 17, 2013

22  _____
    WILLIAM H. ORRICK
23  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO BARRIGA ROSALES,<br><br>        Plaintiff,<br><br>  v.<br><br>CONNIE GIPSON et al,<br><br>        Defendant. | Case Number: CV13-03860 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 17, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Hugo Barriga Rosales AE-3069
Corcoran State Prison 3C02-227-L
P.O. Box 3471
Corcoran, CA 93212

Dated: December 17, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk